NOTICE
Decision filed 08/13/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250139-U

NO. 5-25-0139

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| KIETH EDWARD BALLINGER, | ) | Shelby County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-DC-28 |
| | ) | |
| LISA RENE BALLINGER, | ) | Honorable |
| | ) | Douglas J. Jarman, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.[*]

**ORDER**

¶ 1    *Held*:   The order of the circuit court is affirmed where Husband failed to prove that the circuit court abused its discretion in granting Wife an award of maintenance, and where Husband failed to provide a legal basis on which to reverse the circuit court's division of marital property or interim attorney's fee award.

¶ 2    The husband, Keith E. Ballinger (Husband), appeals from an order of the Circuit Court of Shelby County, Illinois, granting his petition for the dissolution of marriage and awarding his wife, Lisa R. Ballinger (Wife), maintenance, interim attorney's fees, and part of the marital estate.

_____

[*]Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has read the briefs.

1

¶ 3                    I. BACKGROUND

¶ 4      Husband and Wife in the present action were married on April 28, 1984. On November 17, 2022, Husband filed the current action for dissolution of marriage against Wife in the Circuit Court of Shelby County, Illinois. In his petition, Husband requested that dissolution be granted, that no maintenance be ordered, and that the marital property be fairly divided. On December 2, 2022, Wife filed a counter-petition for dissolution of the parties' marriage, requesting that she receive maintenance, that Husband pay her attorney's fees, and that she receive a fair proportion of the shared marital property. At the time the dissolution action was filed, the parties had three children, all of whom were adults, and Wife was not currently pregnant, so there were no issues of child support, parenting time, or parental responsibility at issue in this case.

¶ 5      After filing their petitions, the parties then proceeded through a lengthy discovery process, and the court heard several motions during this time. One such motion, filed on June 3, 2024, was Wife's petition for interim attorney's fees, which the court granted in a docket entry on September 10, 2024, and which ordered Husband to pay $3,000 within 21 days.

¶ 6      On September 23, 2024, the circuit court proceeded with a hearing on the petitions for dissolution. At the hearing, both parties were sworn and testified, and multiple exhibits were entered. At the conclusion of the hearing, the parties were given 45 days to file their closing arguments, and the case was taken under advisement. On November 7, 2024, Wife filed her closing argument, and on November 26, 2024, Husband filed his closing argument.

¶ 7      On January 23, 2025, the court entered its order on the parties' petitions for dissolution of marriage. In its order, the court granted the parties' petition for dissolution of marriage, ordered Husband to pay $2,053.17 in maintenance per month for 38 years, and divided the contested

2

marital property. The court also ordered that each party pay their own attorney's fees, except the fees awarded as a result of the earlier motion for interim attorney's fees.

¶ 8    In dividing the marital property, the court's final split of the marital estate gave Husband $427,528.23, and Wife $430,670.46. In ordering maintenance, the court found that the parties had been married for 38 years. It found that Husband's income, including his regularly received bonuses, was substantially greater than Wife's income. The court also indicated that, in calculating maintenance, it had used figures from Wife's then-current job rather than her new job. Additionally, the circuit court found that Wife was unable to support herself and maintain the standard of living she had during the marriage. The circuit court did not find that there were any impairments to either party regarding their earning capacity. The court also found that the remaining factors were either not relevant to the case or were addressed elsewhere. On February 21, 2025, Husband filed his timely notice of appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, Husband raises three main contentions of error. First, Husband argues that the circuit court erred when it awarded Wife maintenance in the amount of $2,053.17 per month for a period of 38 years. Second, Husband argues that the circuit court erred when it awarded Wife slightly more than half of the marital estate when it divided the marital property. Third, Husband argues that the circuit court erred when it ordered Husband to pay Wife's interim attorney's fees. We will address each of these in turn.

¶ 11                         A. The Award of Maintenance

¶ 12    On appeal, Husband first argues that the trial court erred when it determined its award of maintenance to Wife. Specifically, Husband contends that the trial court erred when it (1) included his regular bonuses as income rather than ordering a percent of the bonus be paid, (2) ordered him

3

to pay maintenance for a period of 38-years despite his advanced age, (3) failed to consider Wife's voluntary separation from her current employer to a new employer where she would make less money, and (4) in considering all the relevant factors, found that an award of maintenance was proper.

¶ 13                                     1. *Calculation of Income*

¶ 14    Husband's first contention is that the circuit court erred when it included the bonuses he regularly receives, though they were not guaranteed, as income for the purposes of determining maintenance. He contends that because the bonuses were not guaranteed, the circuit court should have ordered him to pay a percentage of any bonus he receives rather than treating the bonuses as income and setting maintenance based on that amount. Wife contends that Husband fails to support this contention with citation to relevant law, and thus the argument is forfeited. She further contends that even if it wasn't forfeited, the circuit court was not required to order a percentage-based model and Husband did not argue for it below.

¶ 15    In his brief, Husband cites *In re Marriage of Micheli*, 2014 IL App (2d) 121245, to support his contention that several Illinois courts have used the percentage model; however, we note that in *Micheli*, the appellate court reversed the uncapped award of 20% of any bonuses received because of the potential to create a windfall for the receiving spouse. *Micheli*, 2014 IL App (2d) 121245, ¶ 25. This is because maintenance is to be related to the standard of living enjoyed during the marriage, not an "equitable distribution of the supporting spouse's income *after* the marriage." (Emphasis in original.) *Micheli*, 2014 IL App (2d) 121245, ¶ 26. Thus, Husband does not direct this court's attention to any cases that would require that income received from bonuses be paid as a percentage rather than be counted in gross income. Therefore, as Wife points out, Husband has

4

failed to set forth a basis for reversing, and thus has forfeited the issue. *Rosenbaum v. Samler*, 2025 IL App (1st) 240039, ¶ 47; Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 16                                   2. *Duration of Maintenance*

¶ 17     Husband's second contention is that the circuit court erred when it ordered that maintenance be paid for a period of 38 years, as he might like to change jobs or retire someday. In response, Wife contends that Husband failed to support this contention with citation to relevant law and thus forfeited the argument. She further contends that even if it wasn't forfeited, the circuit court properly found that 38 years was a permissible duration for a maintenance award given the length of their marriage.

¶ 18     In his brief, Husband does not cite to any law showing that the 38-year term, which is the same length of time the parties were married, the court ordered for maintenance was inappropriate. Conversely, Wife directs this court's attention to section 504 of the Illinois Marriage and Dissolution of Marriage Act (Act), which states that for marriages of 20 years or more, maintenance shall be for a term equal to the length of the marriage or an indefinite term. 750 ILCS 5/504(b-1)(1)(B) (West 2022). Therefore, as Wife points out, Husband has failed to set forth a legal basis for reversing and thus has forfeited the issue. *Rosenbaum*, 2025 IL App (1st) 240039, ¶ 47; Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 19                                   3. *Wife's Change in Employment*

¶ 20     Husband's third contention is that the circuit court erred when it failed to account for Wife's voluntary departure from her higher-paying job for future employment that would ultimately result in lower income. In response, Wife contends that the issue is moot because the circuit court calculated maintenance using her prior, higher wages. She further contends that even

5

if it was not moot, the change in employment was for a permissible purpose related to a hostile workplace and not a voluntary departure.

¶ 21 Here, the record reflects that in setting maintenance the circuit court relied on Wife's income at her previous employment where she made a greater income. Despite this, Husband insists that the circuit court should have imputed that higher income to her. In effect, he asks that the case be remanded so the circuit court can adopt the very approach it already used. Because the record reflects that the circuit court did exactly what Husband asserts it failed to do, we find that Husband has not adequately stated a basis upon which to reverse. *Rosenbaum*, 2025 IL App (1st) 240039, ¶ 47; Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 22                                    4. *Decision to Award Maintenance*

¶ 23 Husband's fourth and final contention related to maintenance is that, taken together, the evidence and factors weigh against the entry of an order for maintenance, and therefore the trial court abused its discretion when it awarded maintenance to Wife. In response, Wife contends that, taken together, the evidence and factors presented weigh in favor of an award of maintenance, and thus the trial court did not abuse its discretion.

¶ 24 In setting an award of maintenance, the trial court must first consider the 14 factors outlined in section 504(a) of the Act. 750 ILCS 5/504(a) (1)-(14) (West 2022). In considering these factors, the circuit court is not required to give them equal weight "so long as the balance struck by the court is reasonable under the circumstances." (Internal quotation marks omitted.) *In re Marriage of Bradley*, 2011 IL App (4th) 110392, ¶ 36. Additionally, although the circuit court must consider all the relevant statutory factors, it need not make specific findings as to the reasons for its decisions. *Bradley*, 2011 IL App (4th) 110392, ¶ 36. The benchmark for determining the amount

of maintenance is the recipient's reasonable needs in light of the standard of living established during the marriage. *Bradley*, 2011 IL App (4th) 110392, ¶ 36

¶ 25    In its order granting Wife an award of maintenance, the circuit court set forth its findings as to each of the statutory factors under section 504 of the Act even though it was not required to. Based on our thorough review of the circuit court's findings, we cannot say that the circuit court abused its discretion in awarding Wife maintenance where it clearly and carefully considered each of the applicable factors.

¶ 26                                      B. The Division of Property

¶ 27    Second, Husband argues that the trial court erred in its division of the assets of the marital estate, because he received $427,528.23 out of the marital estate, while she received $430,670.46. A difference of $3,142.23. In response, Wife argues that petitioner failed to "set forth a basis for reversing" by failing to support his argument with "citations to authority".

¶ 28    In his brief, Husband cites *In re Marriage of Polsky* 387 Ill. App. 3d 126 (2008) to support his contention that we review the division of property by a circuit court under an abuse of discretion standard. *Polsky*, 387 Ill. App. 3d at 135. His only other citation in support of his argument is to *In re Marriage of Altman*, 2016 IL App (1st) 143076, which he cites as an explanation of what a 403(b) retirement account is. *Altman*, 2016 IL App (1st) 143076, ¶ 20 n.3. He does not set forth an argument supported by citation to relevant legal authority beyond the standard of review by which to judge whether the circuit court committed an abuse of discretion. Therefore, as Wife points out, Husband has failed to set forth a legal basis for reversing and thus has forfeited the issue. *Rosenbaum*, 2025 IL App (1st) 240039, ¶ 47; Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 29                    C. The Interim Attorney's Fee Award

¶ 30    Third, Husband argues that the circuit court erred in its award of interim attorney fees to Wife because both parties received ample proceeds from the sale of the marital residence to pay for their own attorneys. In response, Wife again argues that petitioner failed to "set forth a basis for reversing" by failing to support his argument with "citations to authority".

¶ 31    In his brief, Husband cites *In re Marriage of Patel*, 2013 IL App (1st) 112571, to support his contention that we review the award of attorney's fees by a circuit court under an abuse of discretion standard. *Patel*, 2013 IL App (1st) 112571, ¶ 67. He does not cite any other law in support of his argument. Thus, he does not give us an argument supported by citation to relevant legal authority beyond the standard of review by which to judge whether the circuit court committed an abuse of discretion. Therefore, as Wife points out, Husband has failed to set forth a legal basis for reversal and has thus forfeited the issue. *Rosenbaum*, 2025 IL App (1st) 240039, ¶ 47; Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 32                              III. CONCLUSION

¶ 33    Where Husband failed to prove that the circuit court abused its discretion in granting Wife an award of maintenance, including the length and amount of maintenance, the order of the circuit court is affirmed. Where Husband failed to provide a legal basis on which to reverse the circuit court's division of marital property or interim attorney's fee award, the decision of the circuit court is affirmed.

¶ 34    Affirmed.